LOUIS KRASSIN *vs.* MICHAEL SHEARAN.

December 31, 1877.

Verdict—New Trial—Newly Discovered Evidence.—Verdict sustained on the evidence. Order denying motion for a new trial for newly discovered evidence sustained on the ground of want of diligence.

This action was begun before a justice of the peace for Waseca county. The complaint set out that on July 15, 1873, "the plaintiff sold and delivered to the defendant one mower, at the agreed price of sixty dollars, by paying a note to C. H. McCormick & Bros., made by this plaintiff, and then in the hands of G. P. Johnson," and that defendant had not paid the note, nor any part thereof, and that plaintiff had since paid the note. Defendant answered orally, and alleged that he paid for the mower by giving his promissory note for the same, and that he paid said note to G. P. Johnson, which was in his hands. Judgment was rendered for the plaintiff, and defendant thereupon appealed, upon questions of law and fact, to the district court for Waseca county. Trial was had upon the appeal before *Dickinson,* J., and a jury.

George P. Johnson was called as a witness, at this trial, and

testified: "I know the parties to this action. In July, 1873, they came into my store, and plaintiff said he had sold his mower to defendant, and wanted me to take defendant's note and give him up his note, which he had given McCormick & Bros. Told him I was not agent for them, and could not do so; that I had no doubt Broughton, the agent, would take defendant's note in payment. They then had some talk together. Plaintiff told me to draw a note of sixty dollars, and the terms of the note. As he had talked of turning it to McCormick & Bros., I took one of their blank notes and scratched out the words 'or order,' and put in 'or bearer.' The defendant took the note, read it, signed it, and passed it over to plaintiff. He took the note, read it, and passed it over to me. He said nothing to me when he passed it, but I supposed from the former conversation that I was to use it for his interests. He has never asked me for it from that day to this. It was in my possession until defendant paid it. He paid the note about the last of July. He gave me a new note for the principal and interest. Never heard any agreement of defendant to pay plaintiff's note to McCormick & Bros. I did not understand that defendant had anything to do with plaintiff's note."

Upon cross-examination he further testified: "I did not have plaintiff's note and McCormick & Bros.' at that time. The note belonged to plaintiff when defendant paid it. Have been plaintiff's agent in a good many matters, and supposed I had authority to collect the note. Never had any talk with him afterwards about the note. The new note defendant gave me is payable to me, or order, or bearer, don't recollect which. I have done business for plaintiff a good deal, and always acted on my own discretion, and he has approved my action in such matters. I sold the second note before it became due and received pay for it. Plaintiff has never asked me for the amount of the note."

The court charged the jury in part as follows: "That if

they should find from the evidence that the note introduced in evidence by the defendant and signed by him was made and left with Johnson as an escrow, to be exchanged for the plaintiff's note, then the plaintiff should recover, unless they should find that the condition upon which it had been left had been performed."

The defendant excepted to this portion of the charge upon the ground that it was not warranted by the evidence and was calculated to mislead the jury. The jury rendered a verdict for the plaintiff. The defendant moved for a new trial upon the ground that the verdict was not justified by the evidence, and because of newly discovered evidence. The motion was denied, and judgment was entered for the plaintiff. Defendant thereupon appealed.

*B. S. Lewis,* for appellant.

*P. McGovern,* for respondent.

GILFILLAN, C. J. The evidence of the plaintiff supported the allegations in his complaint, and although it is contradicted by a greater weight of testimony on the part of defendant, the preponderance is not so great as to call upon the court to set aside the verdict.

The defendant fails to make a case for a new trial on the ground of newly discovered evidence. He shows no diligence whatever, and it does not appear but that by use of proper diligence he could have ascertained what Broughton would testify to in time for the trial.

The contract sued on was that defendant would pay to C. H. McCormick & Bros. a note which they had against plaintiff, and which plaintiff alleges he was, by defendant's default, compelled to pay to them. He testifies that he paid it to their agent, Broughton. It would have occurred to any one, claiming the facts to be as defendant claims them, to have made some effort to learn if Broughton knew anything, and if so, what, of the facts. This is especially so when there was a previous trial, some four months before that com-

plained of.  Defendant made no such effort.  The evidence of Johnson for defendant justified the charge of the court complained of.

Judgment affirmed.